**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DARIUSZ SWIETLIK and**
**BARBARA SWIETLIK,**

Plaintiffs,

**v.** **CIVIL ACTION NO. 3:12-CV-07**
**(JUDGE GROH)**

**RANDOLPH CARL SHULTZ,**

Defendant.

**ORDER GRANTING PARTIES' JOINT MOTION TO EXTEND DEADLINES AND TRIAL DATE**

On this day, the above-styled matter came before the Court for consideration of the parties' Joint Motion to Extend Deadlines and Trial Date [Doc. 46]. In support of the motion, the parties assert that "[t]he depositions of the Plaintiff's treating physicians and experts have not yet been taken or scheduled." Additionally, Dariusz Swietlik continues to be treated by his neurosurgeons, and his treating physicians have not reached their final opinions in this matter. Therefore, "Plaintiffs need additional time in which to permit Mr. Swietlik to continue treating, and his physicians to formulate final opinions." Defendant also will need additional time to have "an opportunity to review these opinions and, if necessary, disclose an additional expert witness."

After reviewing the parties' joint motion, the Court **FINDS** good cause to grant it. Accordingly, the Court **GRANTS** the parties' Joint Motion to Extend Deadlines and Trial Date [Doc. 46]. The Court hereby **VACATES** the current Scheduling Order [Doc. 35]. Additionally, pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Rule of Civil Procedure

("LR Civ P") 16.01 and 26.01 it is hereby **ORDERED** that:

**(1)** Pursuant to Fed. R. Civ. P. 26(f) and LR Civ P 16.01(c), the parties shall submit to this Court a written report on the results of the initial discovery meeting on or before **May 13, 2013**. This report shall include the parties' report on those matters set forth in LR Civ P 16.01(b)(1-5) and 16.01(c) and the parties' discovery plan as required by Fed. R. Civ. P. 26(f). The parties may refer to Form 52 of the Federal Rules of Civil Procedure for an example of a report on a planning meeting. However, the parties should be certain to supplement Form 52 with LR Civ P 16.01(b)(1-5) and 16.01(c) disclosures. **In addition, the parties MUST complete and return the "Scheduling Order Checklist" attached to this Order**. The parties' report on their meeting shall be considered by this Court as advisory only. Parties and counsel are subject to sanctions as set forth in Fed. R. Civ. P. 16(f) and LR Civ P 37.01 for failure to participate in good faith in the development and submission of a meeting report and proposed discovery plan; and

**(2)** Upon receipt of the meeting report and proposed discovery plan, this Court will conduct a telephonic scheduling conference on **May 22, 2013 at 1:30 p.m.** **The Court will initiate the phone conference using the telephone numbers provided in CM/ECF. The parties are directed to contact the Court no later than May 20, 2013, if a different number is to be utilized for this call**. The Court will review dates for the items listed on the Scheduling Conference Checklist enclosed herewith. Pursuant to LR Civ P 16.01(e), a scheduling order will be entered thereafter.

If the parties do not desire a telephonic scheduling conference, and instead simply wish to have a scheduling order entered based upon the parties' Meeting Report, Proposed Discovery Plan, and Scheduling Order Checklist, they may indicate so on the attached worksheet, and the scheduling conference will be vacated.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** April 12, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE

**Guidelines for Completing the Scheduling Order Checklist**

As part of the Rule 26(f) Report, the parties **MUST** complete and return the attached Scheduling Order Checklist. In completing this checklist, the parties should be guided by the following general timeline for scheduling in this Court, as well as any applicable federal or local rules. Of course, the parties are free to request any compression or extension of these general guidelines that they feel is warranted by the facts of a particular case.

It is generally easiest to work backwards when completing this checklist. The parties must first decide a date upon which their case will be ready for trial (the month and year will suffice). Civil trials in this Court generally begin on the second and fourth Tuesday of each month. Once a trial date is decided, the following general rules apply:

1. The Final Pretrial Conference should be set on a Friday 2 weeks before the Trial.
2. The Joint Final Pretrial Conference Order is due 1 week before the Final Pretrial Conference.
3. Pretrial Disclosures pursuant to FED. R. CIV. P. 26(a)(3), Jury Instructions, Voir Dire, Verdict Forms, and Motions *in Limine* are all due 1 month before the Final Pretrial Conference. Objections to the same are due 2 weeks before the Final Pretrial Conference.
4. Dispositive Motions must be filed 10 weeks before the Final Pretrial Conference.
5. The Discovery Completion date should be 1 month before Dispositive Motions are due.
6. Examinations/Inspections should be completed 8 weeks before Discovery Completion.

7. Expert Disclosures by the party with the burden should be made 8 weeks before Discovery Completion.

8. Expert Disclosures by the party without the burden should be made 4 weeks before Discovery Completion.

9. Mediation must be completed 1 week before the Final Pretrial Conference.

10. Intermediate Pretrial Conferences are always upon request.  If a situation arises which the parties feel warrants an intermediate pretrial conference, then the parties are free to so move.

Upon receipt of the parties' Rule 26(f) Report and Scheduling Order Checklist, the Court will review the parties' proposed dates and verify that there are no conflicts with the Court's existing schedule.  If a conflict does exist, the Court will change the parties' proposed date to the nearest date/time which the Court can accommodate.  The Court will inform the parties of any changes at the telephonic Scheduling Conference.  If the parties do not wish to have a telephonic scheduling conference and choose to waive the same, then the Court will simply enter a Scheduling Order containing the parties' proposed dates as modified by the Court.  Any objections to the Court's Scheduling Order can be raised via motion.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

______________________
Plaintiff(s),

v.

Civil Action No. __________

______________________
Defendant(s).

**SCHEDULING ORDER CHECKLIST**

1. INTERMEDIATE PRETRIAL CONFERENCE

Upon request ____

2. MEDIATION Before - ________________

3. EXPERT DISCLOSURE

a. With Burden ________________

b. Without Burden ________________

4. EXAMINATION/INSPECTIONS

________________

5. DISCOVERY COMPLETION ________________

6. DISPOSITIVE MOTIONS ________________

7. PRETRIAL DISCLOSURES, FED R. CIV PRO 26(a) 3

________________

      a. Objections ________________

8. JURY INSTRUCTIONS, VOIR DIRE and VERDICT FORMS

________________

a. Objections ________________

9. MOTIONS IN LIMINE ________________

a. Objections ________________

10. JOINT FINAL PRETRIAL CONFERENCE ORDER

________________

11. FINAL PRETRIAL CONFERENCE ________________

12. TRIAL ________________

(If non-jury trial, Proposed Findings of Fact and Conclusions of Law are to be filed with Court and opposing counsel ________________)

13. CONFERENCE REQUESTED BEFORE ENTRY OF SCHEDULING ORDER? YES / NO